b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHUA D BROWN ET AL,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00937 |
| VERSUS | JUDGE EDWARDS |
| BOMBARDIER RECREATIONAL<br>PRODUCTS INC,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

---

### MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration of Order Denying Motion to Amend (ECF No. 50) filed by Plaintiffs Joshua D. Brown and Lacee Brown (collectively, "Browns").

Because the Court finds no sufficient reason for reconsidering its previous Memorandum Order (ECF No. 49), IT IS ORDERED that the Browns' Motion for Reconsideration (ECF No. 50) is DENIED.

### I.    Background

On July 12, 2024, the Browns filed a Complaint against Defendant Bombardier Recreational Products Inc. ("BRP"). ECF No. 1. The deadline to amend pleadings expired on December 13, 2024. ECF No. 23. Discovery closed on March 13, 2025. *Id.*

On November 9, 2025, the Browns filed a Motion to Amend Petition. ECF No. 36. The Browns alleged that they had recently learned that BRP intended to claim that BRP US, Inc. ("BRP US") manufactured the watercraft at issue in this litigation.

*Id.* at 1. Therefore, the Browns moved to amend their Petition to name BRP US as a defendant. ECF No. 36-1 at 5–6.

The Court denied the Browns' Motion to Amend Petition, finding that the Browns failed to establish good cause for an untimely amendment of their pleadings. ECF No. 49. The Browns now move the Court to reconsider that Memorandum Order. ECF No. 50. The Browns argue they have shown good cause to amend their Petition. *Id.* In response, BRP urges that the Browns have not shown they are entitled to reconsideration. ECF No. 52.

## II.    Law and Analysis

No Federal Rule of Civil Procedure specifically applies to a motion to reconsider. *Cressionnie v. Hample*, 184 Fed. App'x. 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Requests for reconsideration are typically construed as motions to alter or amend a judgment or order pursuant to Federal Rules of Civil Procedure 54, 59, or 60. *Miller Pharmacy Servs., LLC v. AmerisourceBergen Drug Corp.*, No. 21-CV-00207, 2021 WL 2627452, at *2 (W.D. La. Mar. 30, 2021). Because the order at issue here is interlocutory, the Court construes it as a request for relief under Federal Rule of Civil Procedure 54(b).[1]

Federal Rule of Civil Procedure 54(b) allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." Fed. R.

---

[1] Federal Rules of Civil Procedure 59 and 60 apply to final judgments. *Miller Pharmacy Servs., LLC v. AmerisourceBergen Drug Corp.*, No. 21-CV-00207, 2021 WL 2627452, at *2 (W.D. La. Mar. 30, 2021).

2

Civ. P. 54(b). "Rule 54(b) permits a district court to 'reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *AIG Specialty Ins. Co. v. Agee*, No. 24-30245, 2025 WL 655069, at *4 (5th Cir. Feb. 28, 2025) (quoting *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020)).

Although "[c]ourts evaluate motions to reconsider interlocutory orders under a 'less exacting' standard than Rule 59(e)," courts nevertheless "look to similar considerations for guidance." *Miller Pharmacy Servs., LLC*, 2021 WL 2627452, at *2. Therefore, the Court may consider "whether there are 'manifest errors of law or fact . . .', whether 'new evidence' is available, whether there is a need 'to prevent manifest injustice,' or whether there has been 'an intervening change in controlling law.'" *Id.* (quoting *HBM Ints., LLC v. Chesapeake Louisiana, LP*, No. 12-CV-1048, 2013 WL 3893989, at *1 (W.D. La. July 26, 2013)).

Here, the Browns seek reconsideration of this Court's Memorandum Order (ECF No. 49) denying their Motion to Amend Petition (ECF No. 36). The Browns do not dispute that Federal Rule of Civil Procedure 16(b) governed their untimely request to amend their pleading. ECF No. 50-1 at 3. Rule 16(b) provides that, "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts consider four factors to determine whether the movant has established good cause: "(1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice." *Gaudet*

*v. Howard L. Nations, APC*, No. 19-CV-10356, 2021 WL 2446203, at *3 (E.D. La. June 15, 2021).

The Browns previously failed to satisfy those factors (see ECF No. 49 at 3–4), and the arguments raised in the Motion for Reconsideration similarly fail to establish good cause. First, the Browns' explanation for their failure to meet the deadline remains inadequate. The Browns do not dispute that, in February 2025, BRP indicated that BRP US manufactured the watercraft. ECF No. 50-1 at 4. The Browns now urge this "revelation [was] buried,"[2] BRP did not complain "that [the Browns] supposedly had the wrong defendant," and the Browns did not know BRP intended to "count[] on [the manufacturer identity dispute] as a strategy." *Id.* The Browns additionally argue that BRP affirmatively stated "that it sold and had custody and control of the watercraft" and that it did not provide a "certificate of origin" until February 2025. *Id.* at 3–4.

However, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised" before the entry of an order. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). These arguments could have been raised in the Browns' original motion and thus should not be considered now. Even if the Court were to consider these arguments, the Court's previous conclusion would remain unchanged. BRP informed

---

[2] The Browns state that the disclosure "comes after [BRP] lists voluminous documents" in the previous interrogatory. ECF No. 50-1 at 4. However, the manufacturer's identity was plainly disclosed in Interrogatory Number 17. ECF No. 45-2 at 15. The record before the Court thus does not suggest that BRP buried the manufacturer's identity in voluminous discovery.

the Browns that another entity was the manufacturer. Nearly nine months after that disclosure, the Browns moved to name that entity as a defendant. The Browns' proffered explanations for this delay are inadequate.

Second, substantial prejudice would result to BRP were the Court to allow this untimely amendment. As this Court previously found, allowing this amendment would significantly delay the trial. The Court acknowledges that a trial date has not yet been set, but the addition of a new party would require setting a much later trial date. *See Robles v. Archer W. Contractors, LLC,* No. 14-CV-1306, 2015 WL 4979020, at *3 (N.D. Tex. Aug. 19, 2015) ("Courts have found prejudice to a defendant when amendments would delay trial, restart a case at an earlier stage, or otherwise unfairly limit a parties['] ability to present their case at trial."). This delay is especially prejudicial considering that the proposed amendment was sought less than a month before trial. Moreover, contrary to the Browns' arguments,[3] *see* ECF No. 50-1 at 5–6, the addition of a previously unnamed party would alter the nature of the case and, in turn, the nature of BRP's defenses.[4] Thus, the Browns fail to demonstrate that BRP would not be substantially prejudiced by the proposed amendment.

---

[3] Again, the arguments raised in Browns' motion are arguments that should have been raised in their original Motion to Amend Petition. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004).

[4] As an example, the Browns seem to now imply that they will argue the two entities are alter egos. ECF No. 50-1 at 2. The addition of the purported alter ego entity will affect the nature of the case and BRP's defenses.

Finally, the Browns argue that a continuance would not exacerbate the prejudice to BRP because the Court continued the trial date and has not yet set a new date. ECF No. 50-1 at 6. The Court acknowledged this fact in its previous Memorandum Order. ECF No. 49 at 4. As set forth therein and above, *only* the trial date has been continued. The addition of BRP US would significantly delay the trial and require the Court to reopen expired deadlines. This, in turn, would create significant delay and expense for BRP.

In sum, the Browns have failed to show good cause in either the original motion or in the now pending Motion for Reconsideration to allow for an untimely amendment of their pleadings to add BRP US as a defendant. Accordingly, the Motion for Reconsideration should be denied.

## III.  Conclusion

Because the Court finds no sufficient reason for reconsidering its previous Memorandum Order (ECF No. 49), IT IS ORDERED that the Browns' Motion for Reconsideration (ECF No. 50) is DENIED.

SIGNED on Thursday, May 28, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE